Daniel H. Wu, Bar No. 198925
 dwu@cbmlaw.com
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
633 West Fifth Street, 51st Floor
Los Angeles, California 90071
Telephone:  213.833.4500
Facsimile:  213.833.4555

Attorneys for Plaintiff Citibank, N.A.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:15-15521-SC |
| JOHNNIE RAE CARLIN, | Chapter 7 |
| Debtor. | Adv No. |
| CITIBANK, N.A., | **PLAINTIFF CITIBANK, N.A.'S COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(A)(2)(A)** |
| Plaintiff, | |
| v. | |
| JOHNNIE RAE CARLIN, | |
| Defendant. | |

Plaintiff Citibank, N.A. ("Citibank" or "Plaintiff") alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this core adversary proceeding pursuant to 28 U.S.C. §1134 and 11 U.S.C. §523 *et seq.*, which relates to the Chapter 7 bankruptcy petition, Case No.: 8:15-15521-SC, filed by Debtor Johnnie Rae Carlin ("CARLIN" or "Defendant") on or about November 16, 2015, in the above entitled Court.

2. Citibank was and is a national banking association duly organized and existing under and by virtue of the laws of the United States of America, duly organized to

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

CBM-LA\LA130923-1

PLAINTIFF CITIBANK, N.A.'S COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(A)(2)(A)

1 conduct business in the State of California and exempt from the usury provisions of Article XV, Section 1, of the California constitution.

3. Citibank is informed and believes and thereon alleges that CARLIN was and now is an individual residing in the State of California, within the Central District of California, Santa Ana Division.

4. Venue is proper in the Central District of California under 28 U.S.C. §1391(a) in that CARLIN resides within this judicial district.

5. Plaintiff is a creditor of CARLIN, and the debt of CARLIN is nondischargeable in bankruptcy under 11 U.S.C. §523(a)(2)(A).

## COMMON ALLEGATIONS

### The $500,000 SBA Loan

6. On or about June 3, 2010, GLOBAL BUSINESS SOLUTIONS, INC., a California corporation ("GLOBAL"), executed a U.S. Small Business Administration Note in the original principal sum of $500,000.00 ("Note") with Citibank, as lender, and on or about June 3, 2010, GLOBAL executed a business loan agreement ("Loan Agreement") with Citibank, both in writing and for valuable consideration, pursuant to which Citibank agreed to extend credit to GLOBAL.  GLOBAL is wholly owned by CARLIN.

7. Attached hereto and incorporated herein as **Exhibit "1"** is a true and correct copy of the Note, which is incorporated herein by this reference.

8. Attached hereto and incorporated herein as **Exhibit "2"** is a true and correct copy of the Loan Agreement, which is incorporated herein by this reference.

9. GLOBAL is presently in default pursuant to the terms of the Note and Loan Agreement by, among other things: (1) failing to make payments due as required by the express terms of the Note; (2) a material adverse change occurred in GLOBAL's financial condition and Citibank believes the prospect of payment or performance of the Note is impaired; and (3) Citibank in good faith believes itself insecure.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

CBM-LA\LA130923-1

-2-

PLAINTIFF CITIBANK, N.A.'S COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(A)(2)(A)

10. Pursuant to the terms of the Note and Loan Agreement, the entire unpaid principal balance and all accrued unpaid interest and all other amounts payable under the Note are presently due and owing.

11. As of April 21, 2015, there is due, owing and payable on the Note, the principal sum of $360,045.59, together with accrued unpaid interest of $19,363.12, which accrues at the per diem rate of $60.00760, plus additional fees, costs, and expenses including, but not limited to, attorneys' fees and costs of suit in amounts not yet determined.

12. The Note and Loan Agreement provide that GLOBAL agrees to pay reasonable attorneys' fees incurred by Citibank.

13. Citibank has employed the law firm of Carroll, Burdick, & McDonough, LLP, licensed and practicing attorneys in the State of California, for the purpose of instituting and prosecuting this action.

14. Citibank has performed all the conditions, covenants and promises on its part required to be performed pursuant to the Note and Loan Agreement.

15. Citibank's counsel has provided GLOBAL and CARLIN with written notice of their defaults. Attached hereto as **Exhibit "3"** are true and correct copies of the February 12, 2015, Notice of Default and Reservation of Rights letter and the April 7, 2015, Second Notice of Default, Acceleration, and Reservation of Rights letter addressed to GLOBAL and CARLIN, which are incorporated herein by this reference.

16. On or about June 3, 2010, GLOBAL, executed a Commercial Security Agreement ("Security Agreement"), which granted to Citibank a security interest in GLOBAL's personal property collateral.

17. Attached hereto and incorporated herein as **Exhibit "4"** is a true and correct copy of the Security Agreement, which is incorporated herein by this reference.

18. The Security Agreement provides that upon a default by GLOBAL, Citibank is entitled to take possession and dispose of the Collateral, as defined in the Security Agreement. Citibank is informed and believes that to the extent any Collateral exists, it is

CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

CBM-LA\LA130923-1

-3-

PLAINTIFF CITIBANK, N.A.'S COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(A)(2)(A)

now in possession of GLOBAL and that Citibank is entitled to immediate possession of any Collateral.

19. A UCC-1 Financing Statement was filed in favor of Citibank related to GLOBAL on June 9, 2010, as Instrument No. 10-7234318948 ("UCC-1 Statement").

20. Attached hereto and incorporated herein as **Exhibit "5"** is a true and correct copy of the UCC-1 Statement, which is incorporated herein by this reference.

### The Unconditional Guaranty by CARLIN

21. In order to induce Citibank to extend credit to GLOBAL, on or about June 3, 2010, CARLIN executed for valuable consideration, in writing, a U.S. Small Business Administration Unconditional Guaranty ("Guaranty"), whereby CARLIN agreed to absolutely and unconditionally guarantee payment to Citibank of all amounts owing under the Note.

22. Attached hereto and incorporated herein as **Exhibit "6"** is a true and correct copy of the Guaranty, which is incorporated herein by this reference.

23. By virtue of the Guaranty, as of April 21, 2015, CARLIN is indebted to Citibank for the principal sum of $360,045.59, together with accrued unpaid interest of $19,363.12, which accrues at the per diem rate of $60.00760, plus additional fees, costs, and expenses including, but not limited to, attorneys' fees and costs of suit in amounts not yet determined. Citibank has made demand to CARLIN for payment of the obligations and CARLIN has failed, refused and neglected to pay the sums owing. (*See* **Exhibit "3"**.)

### The Deed of Trust

24. On or about June 3, 2010, CARLIN executed a deed of trust ("Deed of Trust") related to the real property commonly known as 929 S. Lorena Street, Assessor's Parcel No. 5188-022-013 ("Property") in favor of Citibank. The legal description of the Property is as follows: "Lot 66 of Larosa Terrace, as per map recorded in Book 12, Page 160 of maps, in the office of the County Recorder of said county."

25. Attached hereto and incorporated herein as **Exhibit "7"** is a true and correct copy of the Deed of Trust.

CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

CBM-LA\LA130923-1

-4-

PLAINTIFF CITIBANK, N.A.'S COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(A)(2)(A)

26.    Citibank has performed all the conditions, covenants and promises on its part required to be performed pursuant to the Note, Loan Agreement, Guaranty, and Deed of Trust.

27.    As a result of CARLIN's default, which has not been cured, Citibank has declared that all sums secured by the Deed of Trust are immediately due and payable.

## FIRST CLAIM FOR RELIEF AGAINST CARLIN
## 11 U.S.C. §523(a)(2)(A)
## Money or Extension of Credit Obtained through False Pretenses, False Representations or Actual Fraud

28.    Citibank incorporates Paragraphs 1 through 27 above as though full set forth herein.

29.    On or about April 26, 2010, in connection with the loan and in order to induce Citibank to enter into the loan, CARLIN provided certain information to Citibank including, but not limited to, a Personal Information Statement ("PIS") with the intent and understanding that Citibank would rely on the provided information in agreeing to enter into the loan.

30.    Attached hereto and incorporated herein as **Exhibit "8"** is a true and correct copy of the PIS.

31.    At the time CARLIN provided the executed the PIS and induced Citibank to enter into the loan, CARLIN made representations to Citibank including, but not limited to, that CARLIN had not previously declared bankruptcy, which turned out to be false.

32.    Citibank relied on the representations by CARLIN in order to enter into the loan.

33.    However, CARLIN's representations were false, as set forth above.

34.    If CARLIN had been truthful to Citibank about the foregoing, Citibank would have been able to make an informed decision about entering into the loan. Instead, Citibank relied on CARLIN's representations and statements in the PIS as well as other

CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

CBM-LA\LA130923-1

-5-

PLAINTIFF CITIBANK, N.A.'S COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(A)(2)(A)

1 documents executed and/or provided by CARLIN to Citibank. If Citibank had known 2 about the true facts, Citibank would not have entered into the loan.

3     35.    Based on the foregoing, Citibank alleges that GLOBAL and CARLIN 4 entered into the loan for the purpose of obtaining money from Citibank through fraud, 5 false pretenses, and false representations. GLOBAL and CARLIN did not have the intent 6 or ability to repay the loan amounts owed to Citibank.

7     WHEREFORE, Citibank prays for judgment against CARLIN as follows:

8     1.    For an Order that CARLIN be denied a discharge of all the amounts sought 9 herein;

10     2.    For reasonable attorney fees and costs of suit incurred herein; and

11     3.    For such other and further relief as the court deems just and proper.

12

13 Dated: February 19, 2016        CARROLL, BURDICK & McDONOUGH LLP

14

15

16     By   */s/ Daniel H. Wu*
       Daniel H. Wu
17        Attorneys for Plaintiff Citibank, N.A.

CARROLL, BURDICK & McDONOUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

CBM-LA\LA130923-1

-6-

PLAINTIFF CITIBANK, N.A.'S COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(A)(2)(A)