1  BUCHALTER
   A Professional Corporation
2  DANIEL H. WU (SBN 198925)
   1000 Wilshire Boulevard, Suite 1500
3  Los Angeles, CA 90017-1730
   Telephone: 213.891.0700
4  Fax: 213.896.0400
   Email: dwu@buchalter.com
5
   Attorneys for Plaintiff
6  Citibank, N.A.

7
   David Brian Lally, Esq., CA. Bar No. 145872
8  Law Office of David Brian Lally
   P.O. Box 355
9  Wilmington, New York 12997
   Telephone 949-500-7409
10 Facsimile 949-861-9250
   E-mail: Davidlallylaw@gmail.com
11
   Attorney for Defendant
12 Johnnie Rae Carlin

13

14
                   UNITED STATES BANKRUPTCY COURT
15
           CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION
16
   In Re:                                    CASE NO.: 8:15-bk-15521-SC
17                                            ADV. NO.: 8:16-ap-01049-SC
   JOHNNIE RAE CARLIN,                        CHAPTER 7
18
           Debtor,
19
   CITIBANK N.A.,                             PARTIES' JOINT STIPULATED
20                                            JUDGMENT FOR DEBT TO
           Plaintiff,                         BE NON-DISCHARGEABLE
21
       vs.                                    Trial Date: July 23, 2019
22                                            Time: 9:30 a.m.
   JOHNNIE RAE CARLIN,                        Ctrm: 5C
23
           Defendant.
24

25
       TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY
26
   JUDGE:
27
       Plaintiff Citibank, N/A ("Plaintiff") and Defendant Johnnie Rae Carlin ("Debtor" or
28

BUCHALTER
A PROFESSIONAL CORPORATION                        1
LOS ANGELES

BN 35853447v4

1  "Defendant") ("Parties") enter into the following Stipulated Judgment.

2         **Whereas,** Defendant filed his Chapter 7 Petition on November 16, 2015; and

3         **Whereas,** on or about February 19, 2016, Plaintiff filed its Complaint to Determine

4  Dischargeability of Debt pursuant to Section 523(a)(2)(A) against Defendant ("Complaint");

5         **Whereas,** on or about March 18, 2016, Defendant filed an Answer to the Complaint

6  denying the material allegations in the Complaint; and

7         Now, therefore, Plaintiff and Defendant stipulate to the settlement of this Adversary

8  Proceeding as follows:

9         1.      Plaintiff shall have a nondischargeable judgment against Defendant for

10  $476,133.46 with interest accruing at the per diem rate of $82.51045 from March 13, 2019 until

11  the date judgment is entered ("Stipulated Judgement").  However, if $75,000.00 is paid as set

12  forth below, the Stipulated Judgment shall be satisfied.  The $75,000.00 shall be paid to

13  "Citibank, N.A., Attention: Deborah Wise, Mail Stop CC1-50, 6400 Las Colinas Boulevard,

14  Irving, Texas 75039", as follows:

15         a.  Defendant shall pay Plaintiff $1,000.00 on or before April 15, 2019. In

16             addition, Defendant shall then make monthly payments to Plaintiff of $500.00

17             commencing on May 15, 2019, and continuing on the 15th day of each

18             successive month up to and including October 15, 2019;

19         b.  Commencing November 15, 2019, Defendant shall make monthly payments of

20             $750.00 and continuing on the 15th day of each successive month up to and

21             including October 15, 2020; and

22         c.  Commencing November 15, 2020, Defendant shall make monthly payments of

23             $1,000.00 and continuing on the 15th day of each successive month until the

24             entire $75,000.00 is paid in full.

25     There is no prepayment penalty. Upon payment in full, Plaintiff shall release its lien on

26  the real property commonly known as 929 S. Lorena, Street, Los Angeles, California 90023.

27         2.      If any payment set forth above is not made timely to Plaintiff, Plaintiff shall send

28  Defendant a Notice of Breach in accordance with Paragraph 4 below.  If the default is not cured

1    within five (5) days, the Stipulated Judgment shall be effective, less any funds Plaintiff has

2    received under this Stipulated Judgment. There shall be a maximum of two (2) Notices of Breach.

3    If there is a third (3rd) breach, the entire amount then due and owing shall immediately be due and

4    payable.

5         3.    All notices provided for herein shall be in writing and delivered by hand or

6    overnight courier service, mailed by certified or registered mail, postage prepaid, or sent by

7    facsimile. Notices sent by hand or overnight courier service, or mailed by certified or registered

8    mail, shall be deemed to have been given when received. Notices sent by facsimile shall be

9    deemed to have been given when sent (except that, if not given during normal business hours for

10    the recipient, shall be deemed to have been given at the opening of business on the next Business

11    Day). Notices delivered through electronic communications shall be deemed received upon the

12    sender's receipt of an acknowledgement from the intended recipient (such as by the "return

13    receipt requested" function, as available, return e-mail or other written acknowledgement).

14    Notice shall be provided as follows:

15        <u>On behalf of Plaintiff</u>:

16        Daniel H. Wu
    Buchalter
17        1000 Wilshire Boulevard, Suite 1500
    Los Angeles, California 90017
18        Tel: (213) 891-0700
    Fax: (213) 896-0400
19        E-mail: dwu@buchalter.com

20        <u>To the Defendant</u>:

21        Johnnie Rae Carlin
    11721 Whittier Boulevard, Suite 558
22        Whittier, California 90601

23        4.    Plaintiff shall not record this Stipulated Judgment, and shall take no action to

24    enforce this Stipulated Judgment, unless there is a default that is not timely cured.

25        5.    This debt is non-dischargeable pursuant to 11 U.S.C. Section 523(a).

26        6.    This Stipulated Judgment shall be governed and construed under the laws of the

27    State of California and the Bankruptcy Code existing at the time of entry of this Stipulated

28

1 | Judgment. This Court has exclusive jurisdiction to interpret and enforce this Stipulation.

2 |    7.    If any provision or term of this Stipulated Judgment is held by a court of

3 | competent jurisdiction to be illegal or in conflict with such law, the validity of the remaining

4 | portions, terms, and provisions of this Stipulated Judgment shall not be affected, and the rights

5 | and obligations of Plaintiff and Defendant shall be construed and enforced as if this Stipulated

6 | Judgment did not conflict with such law and/or did not contain the portion or provision held to be

7 | invalid.

8 |    8.    This Stipulated Judgment may not be modified, altered, supplemented or amended

9 | unless by an agreement in writing signed by the Parties. This Stipulated Judgment constitutes the

10 | entire agreement between Plaintiff and Defendant, and supersedes all previous negotiations and

11 | discussions between Plaintiff and Defendant. Neither parol evidence nor any prior or other

12 | agreement shall be permitted to contradict or vary the terms contained herein.

13 |    9.    Defendant admits no wrongdoing and is agreeing to settle this Adversary

14 | Proceeding due to the cost benefits involved.

15 |    10.    For value received, and in consideration of the covenants, promises, and

16 | agreements contained herein and in the Stipulation, Defendant, on behalf of himself and on behalf

17 | of his respective predecessors and successors, as well as or his respective administrators, agents,

18 | trustees, beneficiaries, trustors, trusts, executors, spouses, children, issue, insurers, attorneys,

19 | accountants, employees and all those claiming by, through, under or in concert with them or any

20 | of them, do hereby fully and finally release, acquit and forever discharge Plaintiff, and each and

21 | all of its past and present officers, directors, employees, servants, agents, predecessors,

22 | successors, attorneys and assigns, parents, subsidiaries and affiliated entities and all those

23 | claiming by, through, under or in concert with them, or any of them, from any and all manner of

24 | actions or inaction, cause or causes of action in law or in equity, suits, debts, liens, contracts,

25 | agreements, promises, liability, claims, demands, damages, loss, costs or expenses, of any nature

26 | whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, which Defendant

27 | ever had, now have or may hereafter have against Plaintiff, by reason of any matter, cause, or

28 | thing whatsoever.

11.    Defendant acknowledges he has been informed of, and it is familiar with, and hereby expressly waives any and all rights under Section 1542 of the Civil Code of the State of California which provides as follows:

"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

12.    The Parties warrant and represent that each understands this Stipulated Judgment is legally binding, and that it affects their rights. The Parties have obtained, or have had the opportunity to obtain, independent legal counsel concerning the meaning and importance of this Stipulated Judgment.

13.    The Parties further represent and warrant that they are signing this Stipulated Judgment voluntarily and with the full understanding of its contents and meaning.

14.    Each Party shall bear their own attorney's fees in this Adversary Proceeding. If there is an action to enforce or interpret this Stipulation, the prevailing party shall be entitled to reasonable attorney's fees and costs.

15.    Each Party acknowledges he or she or it has the authority to execute this Stipulation and that he, she or it has not assigned its rights under this Stipulation.

16.    Each Party acknowledges that this Stipulation applies only to them, and is not meant to be a waiver or release by the Parties of any right, claim, or defense, or cause of action it has or may have in the future to any third-party who is not a party to this Stipulation.

17.    This Stipulation shall be construed as if both Parties prepared the Stipulation. The Parties acknowledge that this Stipulation was jointly prepared by them, by and through their respective legal counsel, and any uncertainty or ambiguity existing herein shall not be interpreted against any of the Parties, but otherwise according to the application of the rules for interpreting contracts.

18.    All references to the singular shall include the plural, and vice versa. This Stipulated Judgment may be signed in counterparts, and taken together will constitute the entire

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

5

BN 35853447v4

1  agreement.

2      19.    In witness hereof, Plaintiff and Defendant execute this Stipulation through their

3  counsel, and in counterparts, as of the date set opposite their respective signatures.

4

5  Dated: March 30, 2019                    Dated: March *April* 29, 2019

6  Law Office of David B. Lally             Buchalter

7

8  _David Brian Lally, Esq._                _Daniel Wu, Esq.,_
                                            Daniel Wu, Esq.,
9  David Brian Lally, Esq.                  Attorney for Plaintiff
   Attorney for Defendant                   Citibank, N.A.
10 Johnnie Rae Carlin

11 Dated: March 29, 2019                     Dated: March *April* 26, 2019

12

13 _Johnnie R. Carlin_                       _Citibank, N.A_

14 Johnnie Carlin                            Citibank, N.A

15                                           By _Deborah Wise_
                                                Attorney-in-Fact CBNA
16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

6